David L. Aronoff (SBN: 152606)
daronoff@winston.com
Gayle I. Jenkins (SBN: 168962)
gjenkins@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants and Counterclaimants
MKA REAL ESTATE OPPORTUNITY FUND I, LLC,
MKA CAPITAL GROUP ADVISORS, LLC, and Defendants
JASON SUGARMAN, MICHAEL ABRAHAM, ELIZABETH SUGARMAN,
LAUSANNE, LLC, and EQUIPMENT RENTAL & MANAGEMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOTTEX FUND MANAGEMENT LTD, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MKA REAL ESTATE OPPORTUNITY FUND I, LLC, a California limited liability company; MKA CAPITAL GROUP ADVISORS, LLC, a California limited liability company; JASON SUGARMAN, an individual; MICHAEL ABRAHAM, an individual; ELIZABETH SUGARMAN, an individual; LAUSANNE, LLC, a California limited liability company, EQUIPMENT RENTAL & MANAGEMENT, LLC, a Nevada limited liability company, and DOES 1-10,<br><br>Defendants. | Case No. SACV8:13-00922 AG (RNBx)<br><br>**OPPOSITION TO GOTTEX FUND MANAGEMENT, LTD'S MOTION TO DISMISS COUNTERCLAIMS OF MKA REAL ESTATE OPPORTUNITY FUND I, LLC AND MKA CAPITAL ADVISORS, LLC**<br><br>Date: November 25, 2013<br>Time: 10:00 a.m.<br>Courtroom: 10-D<br><br>Judge: Hon. Andrew J. Guilford<br>Action Filed: June 18, 2013 |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

|  |  |
|---|---|
| MKA REAL ESTATE OPPORTUNITY FUND I, LLC, a California limited liability company, MKA CAPITAL GROUP ADVISORS, LLC, a California limited liability company, | ) ) ) ) ) ) ) |
| Counterclaimants, | ) ) |
| v. | ) ) |
| GOTTEX FUND MANAGEMENT LTD., a Delaware corporation, and ROES 1-50, | ) ) ) ) |
| Counter-Defendant. | ) ) |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 1

    A.   Nature Of The Lawsuit ..................................................................... 1

    B.   Counterclaims Of Opp Fund And Advisors ...................................... 2

III. LEGAL DISCUSSION .............................................................................. 3

    A.   Legal Standard .................................................................................. 3

    B.   Counterclaimants' First, Second And Third Claims For
       Fraudulent Inducement Satisfy Federal Pleading Requirements ............... 4

    C.   Counterclaimants' Sixth And Seventh Claims For Intentional
       Interference With Contractual Relations Also Satisfy Federal
       Pleading Requirements ...................................................................... 8

    D.   The Ninth Counterclaim For Usury Is Proper ......................................... 13

    E.   Counterclaimants' Eleventh And Twelfth Claims For Violation
       Of Penal Code Sections 485 And 496 Should Stand Against
       Gottex ............................................................................................. 14

    F.   The Counterclaims Are Proper As Pled .................................................. 16

IV.  CONCLUSION ......................................................................................... 17

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aas v. Sup. Ct.*,
   24 Cal. 4th 627 (2000) ................................................................................16

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ........................................................11

*Anschutz Corp. v. Merrill Lynch & Co., Inc.*,
   785 F. Supp. 2d 799 (N.D. Cal. 2011) ..........................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................3

*Bank of the West v. Valley National Bank of Arizona*,
   41 F.3d 471 (9th Cir. 1994) ...........................................................................6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................3, 4

*Cellco Partnership v. Hope*,
   469 Fed. Appx. 575 (9th Cir. 2012) ...............................................................9

*Circle Click Media LLC v. Regus Mgmt. Grp. LLC*,
   No. 12-4000, 2013 WL 57861 (N.D. Cal. Jan 3, 2013) .................................6

*Clinkscales v. Carver*,
   22 Cal. 2d 72 (1943) ....................................................................................14

*Cook v. Winfrey*,
   141 F.3d 322 (7th Cir. 1998) .......................................................................12

*Corrections USA v. Dawe*,
   504 F. Supp. 2d 924 (E.D. Cal. 2007) ...........................................................4

*Diaz v. Gates*,
   420 F.3d 897 (9th Cir. 2005) .........................................................................9

*Erlich v. Menezes*,
   21 Cal. 4th 543 (1999) .................................................................................16

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Green v. Future Two,*
   179 Cal. App. 3d 738 (1986) ............................................................................. 13

*Guido v. Koopman,*
   1 Cal. App. 4th 837 (1991) ............................................................................... 6

*Imperial Ice Co. v. Rossier,*
   18 Cal. 2d 33 (1941) ......................................................................................... 10

*In re Vehm Eng'r Corp.,*
   521 R.2d 186, 188-89 (9th Cir. 1975) ............................................................. 13

*Kelly v. Provident Life & Accident Ins.,*
   245 Fed. Appx. 637 (9th Cir. 2007) ................................................................. 4

*Knapp v. McCoy,*
   548 F. Supp. 1115 (D. Ill. 1982) ...................................................................... 12

*Locricchio v. Legal Services Corp.,*
   833 F.2d 1352 (9th Cir. 1987) .......................................................................... 12

*Moradi-Shalal v. Fireman's Fund Ins. Co.,*
   46 Cal. 3d 287 (1988) ....................................................................................... 14

*Nesler v. Fisher and Co., Inc.,*
   452 N.W.2d 191 (Iowa 1990) ........................................................................... 10

*Oracle An., Inc. v. Serv. Key, LLC,*
   No. 12-790, 2012 WL 6019580 (N.D. Cal. Dec. 3, 2012) ............................... 11

*Pacific Gas & Electric Co. v. Bear Stearns & Co.,*
   50 Cal. 3d 1118 (1990) ..................................................................................... 9

*People v. Dolbeer,*
   214 Cal. App. 2d 619 (1963) ....................................................................... 14, 15

*People v. Gopal,*
   171 Cal. App. 3d 524 (1985) ............................................................................ 15

*Plattner v. State Farm Mut. Auto. Ins. Co.,*
   168 Ariz. 311 (Ct. App., 1991) ......................................................................... 9

*Proctor & Gamble Co. v. Haugen,*
   222 F.3d 1262 (10th Cir. 2000) ........................................................................ 12

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Resnick v. Hayes*,
  213 F.3d 443 (9th Cir. 2000) ................................................................................4

*Retail Clerks Int'l Ass'n Local 1625, AFL-CIO v. Schermerhorn*,
  373 U.S. 746 (1963)...........................................................................................4

*Ruiz v. Gap, Inc.*,
  No. 07-5739SC, 2009 WL 250481 (N.D. Cal. Feb. 3, 2009)............................15

*Sade Shoe Co. v. Oschin & Snyder,*
  162 Cal. App. 3d 1174 (1984) .........................................................................10

*Sebastian Int'l, Inc. v. Russolillo*,
  F. Supp. 2d 630 (C.D. Cal. 2001) .....................................................................12

*Seoul Laser Dieboard Sys. Co. v. Serviform, S.R.L.*,
  No. 12-2427, 2013 WL 3761535 (S.D. Cal. July 16, 2013)............................11

*Stop Loss Ins. Brokers, Inc.v. Brown & Toland Medical Grp.*,
  143 Cal. App. 4th 1036 (2006) ...................................................................16, 17

*Tenzer v. Superscope, Inc.*,
  39 Cal. 3d 18 (1985) ...........................................................................................7

*Ticketmaster L.L.C. v. RMG Techs., Inc.*,
  536 F. Supp. 2d 1191 (C.D. Cal. 2008) ..........................................................3, 4

*Velazquez v. GMAC Mortg. Corp.*,
  605 F. Supp. 2d 1049 (C.D. Cal. 2008) ..............................................................4

*Wailea Partners, LP v. HSBC Bank USA, N.A.*,
  No. 11-3544, 2011 WL 6294476 (N.D. Cal. Dec. 15, 2011) ..............................6

*Walling v. Beverly Enters.*,
  476 F.2d 393 (9th Cir. 1973) ..............................................................................4

*Winnett v. Roberts,*
  179 Cal. App. 3d 909 (1986) ...........................................................................13

*Woods v. Google, Inc.*,
  889 F. Supp. 2d 1182 (N.D. Cal. 2012)..............................................................6

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .............................................................................15

Cal. Penal Code § 485.................................................................................1, 14

Cal. Penal Code § 496.........................................................................1, 14, 15

Cal. Penal Code § 496c..................................................................................15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a) ...........................................................................3, 10, 12, 13

Fed. R. Civ. P. 12(b)(6) ...............................................................................3, 4, 12

Fed. R. Civ. P. 12(e) .....................................................................................12

Rest. 2d Torts, § 766A ...............................................................................9, 10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

SACV8:13-00922 AG (RNBx)
Opposition to Gottex Fund Management, LTD's Motion to Dismiss
Counterclaims of MKA Real Estate Opportunity Fund I, LLC & MKA Capital Advisors, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In an act of overreaching as its assignors have attained more than that to which they are entitled under the law, Plaintiff and Counter-Defendant Gottex Fund Management Ltd. ("Plaintiff") filed this action against Defendants and Counterclaimants MKA Capital Group Advisors, LLC ("Advisors") and MKA Real Estate Opportunity Fund I, LLC ("Opp Fund") (collectively, "Counterclaimants"), among other defendants, asserting baseless contract-related claims.  Now, in an attempt to avoid examination of its wrongful conduct, Gottex asks the Court to dismiss Counterclaimants' First, Second, Third, Sixth, Seventh, Ninth, Eleventh and Twelfth Counterclaims.  Once stripped of hyperbole and mischaracterization, Gottex's motion amounts to little more than a premature attempt at a thinly disguised summary judgment without basis or support in law in order to to avoid meaningful discovery and avoid revelation of Gottex's fraudulent and illegal conduct.

As discussed more fully below, Counterclaimants have properly alleged sufficient facts to state cognizable claims for fraudulent inducement, intentional interference with contractual relations, usury, and violations of Penal Code Sections 485 and 496.  Consequently, Gottex's motion to dismiss should be denied in its entirety.

## II.    FACTUAL BACKGROUND

### A.    Nature Of The Lawsuit

Defendant and Cross-Complainant Advisors, which was established in 1988, is a private investment management company headquartered in Newport Beach, California.  The company specializes in managing funds, which provide senior and junior secured debt financing to real estate developers.  Since its inception, Advisors has managed millions of dollars in assets on behalf of nearly 700 institutional and accredited individual investors.  These assets are invested primarily through three funds.  Defendant and Cross-Complainant Opp Fund is one of those funds.  In practice, Opp Fund provides capital to single family home and commercial

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

SACV8:13-00922 AG (RNBx)
Opposition to Gottex Fund Management, LTD's Motion to Dismiss
Counterclaims of MKA Real Estate Opportunity Fund I, LLC & MKA Capital Advisors, LLC

developers.  The capital comes primarily from investors and lenders, including institutional and accredited individual investors.

The actual dispute that is the basis for Gottex's lawsuit arises out of a lending relationship between Opp Fund and those entities on whose behalf Gottex purports to bring the underlying Complaint, including Gottex ABI, Gottex Cayman, Hudson, and Gottex ABL (generally, "the Gottex Lenders").  Plaintiff here, Gottex, is the "Administrative Agent" of the Gottex Lenders that lent funds to Opp Fund, none of which were ever licensed under the California Finance Lender laws.

The Gottex Lenders engaged in transactions that lent cash to Opp Fund in 2006 for a total amount of $100,000,000 for the mutual benefit of the lender and borrower for investment in real estate (generally, the "Gottex Loans").  Until the real estate market collapsed, regular and sizeable payments were made towards the Gottex Loans.  When the initial downturn in the real estate market occurred, Opp Fund determined that it was in the best interest of its investors to continue to use available cash to make principal payments to Opp Fund's senior lenders (the Gottex Lenders). Accordingly, substantial payments continued to be made through 2007 and into 2008. It was not until the second quarter of 2008 – with Gottex's full approval and authorization as the Gottex Lenders' Administrative Agent – that interest-only payments were made.  Thereafter, fully communicating with Gottex, Opp Fund made payments as it could while still maintaining and preserving the assets in its portfolio including REO properties.  Additionally, after the initial 2012 action filed by Gottex was dismissed, Gottex engaged in nonjudicial foreclosures on various secured properties, receiving significant value therefrom.

**B.    Counterclaims Of Opp Fund And Advisors**

To vindicate their rights, Advisors and Opp Fund have brought twelve counterclaims, relating to Gottex's manipulation and fraudulent conduct directed at California-based lenders to California construction companies and developers, which conduct was designed to falsely provide the specter of an inflated asset portfolio

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   during a period when both assets and share price were spiraling downward for

2   Gottex's parent company.

3          Gottex, by and through its Director, engaged in a course of conduct that Gottex

4   has now ratified, whereby its Director Amy Lai induced Opp Fund and Advisors to

5   continue to provide resources and incur costs to maintain the Collateral while

6   fraudulently representing that Gottex would permit vendors and providers of services

7   to be paid from Collateral proceeds.  In truth and in fact, Lai waited until Gottex was

8   seeking to foreclose to reveal that Gottex would never authorize payment for the

9   services rendered and costs incurred.  Lai's conduct – later ratified by her employer

10  Gottex – crippled and defrauded Opp Fund and Advisors, as well as damaged their

11  ability to operate in their marketplace.  Accordingly, Opp Fund and Advisors brought

12  their Counterclaims against Gottex to account for the damages from this conduct.

13         Gottex has moved to dismiss the First, Second and Third Counterclaims for

14  Fraudulent Inducement, the Sixth and Seventh Counterclaims for Intentional

15  Interference with Contractual Relations, the Ninth Counterclaim for Usury, and the

16  Eleventh and Twelfth Counterclaims for Violations of Penal Code Sections 485 and

17  496.  As explained below, none of these Counterclaims are subject to dismissal, and

18  Gottex's motion should be denied in its entirety.

19  **III.    LEGAL DISCUSSION**

20      **A.    Legal Standard**

21         To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

22  a plaintiff need articulate only "a short and plain statement of the claim showing that

23  the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *Ticketmaster L.L.C. v. RMG*

24  *Techs., Inc.*, 536 F. Supp. 2d 1191, 1194 (C.D. Cal. 2008).  As the Supreme Court

25  held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), a pleading need do

26  no more than give the defendant fair notice of the claims, and raise the claims from

27  the level of mere speculation to that of plausibility.  *See also Ashcroft v. Iqbal*, 556

28  U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 556).  Therefore, a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555; *see also Kelly v. Provident Life & Accident Ins.*, 245 Fed. Appx. 637, 639 (9th Cir. 2007) ("[D]ismissal of a claim is appropriate only where the complaint lacks a cognizable theory, and plaintiff is not required to plead specific facts in detail, just sufficiently to identify the grounds for alleging that the legal theory applies.") (citing *Twombly*, 550 U.S. at 554-64).

Further, when evaluating a complaint on a motion to dismiss, "the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them." *Ticketmaster*, 536 F. Supp. 2d at 1194.  Thus, a claimant "need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged." *Corrections USA v. Dawe*, 504 F. Supp. 2d 924, 929 (E.D. Cal. 2007) (citing *Retail Clerks Int'l Ass'n Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963)).  "[A] court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also, e.g.*, *Ticketmaster*, 536 F. Supp. 2d at 1194.  Any ambiguities must be resolved in favor of the pleadings.  *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).  Finally, the court "may not consider any material beyond the pleadings." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1056 (C.D. Cal. 2008).

## B.   Counterclaimants' First, Second And Third Claims For Fraudulent Inducement Satisfy Federal Pleading Requirements

Gottex seeks to dismiss Counterclaimants' First, Second and Third Claims for Fraudulent Inducement (to enter into contract, to provide services, and of breach of contract, respectively), alleging that Counterclaimants: a) cannot show reasonable reliance because of the terms of written documents signed by them, b) have not adequately alleged intent, and c) have failed to allege false and material

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

SACV8:13-00922 AG (RNBx)
Opposition to Gottex Fund Management, LTD's Motion to Dismiss
Counterclaims of MKA Real Estate Opportunity Fund I, LLC & MKA Capital Advisors, LLC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    misrepresentations.

2         As an initial matter, Gottex's contention that Counterclaimants are somehow

3    precluded from asserting their various claims for fraudulent inducement because it

4    was "manifestly unreasonable" for Counterclaimants to rely upon any representations

5    made by Gottex in entering the contracts, providing services, and engaging in a course

6    of conduct that Gottex now asserts is a breach of contract, is contrary both to the facts

7    of the case and relevant law.

8         First, Gottex's argument that Counterclaimants could not have reasonably relied

9    upon its various misrepresentations because they contradict the terms of the documents

10   executed by Counterclaimants fails because Gottex does not identify the exact documents

11   upon which it purports to rely or identify any truly contradictory terms.  It is not

12   surprising that Gottex fails to identify such documents or language, because there is no

13   wording in the various agreements that expressly contradicts all of the misrepresentations

14   identified by Counterclaimants in their First, Second and Third Counterclaims.  The only

15   "provision" to which Gottex points (albeit, without quoting any actual documents) is

16   "MKA Defendants agreed to deposit all proceeds of collateral into the Control Account .

17   . . and agreed that payment of management fees is 'subject to' disclosure and approval by

18   Gottex."  (Motion, p. 10.)  However, not even in such a provision would contradict or

19   preclude reliance on Gottex's misrepresentations as identified in the Counterclaims.

20   (*See, e.g.,* Counter, ¶ 34 ("that Gottex and the Gottex Lenders would not use the Control

21   Account to interfere with Opp Fund's obligations to relay or pay management fees owed

22   to Advisors"), ¶ 48 ("that Gottex would [not] deny, interfere with and object to any and

23   all future payments to Advisors that were contractually by Opp Fund and/or its borrowers

24   to Advisors"), ¶ 58 ("that strict compliance with the use of the Control Account was not

25   required by the Gottex Lenders").)

26        Second, even if Gottex had not failed to identify specific, truly contradictory

27   terms to which Counterclaimants had agreed, its motion should be denied because

28   Gottex overstates the law.  Gottex argues that Counterclaimants' reliance cannot be

reasonable as a matter of law, but under California law reasonableness is a question of *fact* and all of the facts must be determined before the reasonableness of reliance can be determined.[1]  *Woods v. Google, Inc.,* 889 F. Supp. 2d 1182, 1196 (N.D. Cal. 2012) ("[r]easonableness of reliance on a misrepresentation is ordinarily a question of fact") (citing *Guido v. Koopman,* 1 Cal. App. 4th 837, 843 (1991)); *Anschutz Corp. v. Merrill Lynch & Co., Inc.,* 785 F. Supp. 2d 799, 827 (N.D. Cal. 2011) (same).  Among other things, the sophistication of the parties, circumstances of the transaction and bargaining power of the parties are inherently fact questions that are not appropriate for a motion to dismiss.[2]  *See id.*

Moreover, Gottex's contention that Counterclaimants have not adequately alleged intent to defraud relies on a blatant mischaracterization of the Counterclaims.  The Counterclaims expressly allege more than sufficient fraudulent intent to meet the

---

[1]  Gottex relies heavily upon *Bank of the West v. Valley National Bank of Arizona*, 41 F.3d 471 (9th Cir. 1994).  However, there the court affirmed a JNOV for the fraud defendant, *after all discovery and trial was over*.  In doing so, the court held that the plaintiff bank's reliance was not justifiable based upon a full evidentiary record.  Notably there was a specific nonreliance clause at issue – including a statement that plaintiff's decision to participate was made "without reliance upon any representations of Lender."  Further, the court indicated that if a failure to disclose had occurred, the result might have been different had damage resulted from certain of defendant's acts.

[2]  The two Northern District of California cases with which Gottex cites in support of its disingenuous contention that "[u]nder *Bank of the West* and *Davis,* these types of claims for alleged fraud in entering or performing a contract are regularly dismissed at the pleading stage," do not alter the impropriety of granting a motion to dismiss. (Motion, p. 10.)  *Wailea Partners, LP v. HSBC Bank USA, N.A.,* No. 11-3544, 2011 WL 6294476 (N.D. Cal. Dec. 15, 2011), involved *express disclaimers* directly precluding the Corporate Code violation claims being alleged.  *Id.* at *12 ("This plain language of the disclaimers is clear and precludes Wailea from now alleging that HSBC USA made representations or omissions about the Senator Fund, as that would directly contradict the bargained-for language of the Swap Agreement.").  The other case, *Circle Click Media LLC v. Regus Mgmt. Grp. LLC,* No. 12-4000, 2013 WL 57861 (N.D. Cal. Jan 3, 2013), merely granted a motion to dismiss *with leave to amend* the various misrepresentation claims with instructions to "allege what was not disclosed in the agreements they signed with Defendants and/or what Defendants misrepresented to them about their monthly fees and why it was reasonable for Plaintiffs to rely on those misrepresentations despite the language of the agreements." *Id.* at *11.  Here, the Counterclaims do exactly that and no further specificity is needed.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

SACV8:13-00922 AG (RNBx)
Opposition to Gottex Fund Management, LTD's Motion to Dismiss
Counterclaims of MKA Real Estate Opportunity Fund I, LLC & MKA Capital Advisors, LLC

admittedly low standard offered by Gottex in its motion to dismiss – "[s]omething more than nonperformance is required to prove the defendant's intent not to perform his promise." (Motion, p. 11, quoting *Tenzer v. Superscope, Inc.,* 39 Cal. 3d 18, 30-31 (1985).) Here, the First Counterclaim expressly alleges "Gottex Lenders and Gottex, as embodied by Gottex Director Amy Lai and her representatives, did not intend to abide by their representations and instead secretly intended to deny payment to Advisors that had been earned by Advisors, and intended to use the Control Account process to stop any such payments," and further alleges "Gottex's conduct is malicious, oppressive and harassing in that it coerced Opp Fund into entering into the Control Account arrangements while secretly intending to cause Opp Fund to breach its obligations to others through use of the Control Account." (Counter, ¶¶ 36, 42.) The Second Counterclaim expressly alleges "[a]t all times material herein, Gottex and the Gottex Lenders secretly harbored the intent to use the Control Account obligations to arbitrarily deny payment of Advisors fees even though such fees were contractually provided for as between Opp Fund, Advisors, and Opp Fund borrowers," and further that "Gottex's conduct is malicious, oppressive and harassing in that it was secretly securing Advisors' time and resources in enhancing and maximizing the collateral when Gottex had no intent of allowing Advisors to be paid." (Counter, ¶¶ 49, 53.) Similarly, the Third Counterclaim expressly alleges "Gottex intended that Opp Fund rely on Gottex for guidance on compliance with the contractual duties to Gottex's principals. . . [and] intended to have Opp Fund rely on this course of conduct in order to later claim breach when the same noncompliance with the strict contractual terms occurred." (Counter, ¶ 57.) The Third Counterclaim also alleges "Gottex's conduct is fraudulent and oppressive in that it intentionally lulled Opp Fund into a course of conduct that Opp Fund carried out with the continued intent of maximizing and enhancing the collateral for Gottex's benefit, but Gottex was secretly intending to use that conduct all along to claim breach at the time Gottex determined was most beneficial and would deny Opp Fund the ability to meet its contractual obligations,"

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   and further alleges that "Gottex's conduct is malicious, oppressive and harassing in

2   that it was intentionally causing Opp Fund to rely upon Gottex' s express, tacit and

3   then lack of objection to Opp Fund's manner of complying with its contractual

4   obligations while secretly intending to rely on that same conduct to assert breach on

5   behalf of its principals." (Counter, ¶¶ 61, 63.)  These express allegations of fraudulent

6   intent are more than sufficiently detailed to survive Gottex's motion to dismiss.

7        Further, Gottex's contention that Counterclaimants have failed to allege false

8   and material misrepresentations again mischaracterizes the Counterclaims and should

9   be summarily rejected.  Gottex's self-serving recharacterization of the Counterclaims

10   and interpretation of the documents at issue deserves little, if any attention.  Gottex

11   has not only selectively chosen three out of numerous paragraphs identifying false and

12   material misrepresentations in the Counterclaims, pointing to only Paragraphs 17-20

13   while ignoring the remainder of the allegations relating to the First, Second and Third

14   Counterclaims, but has rephrased those select allegations and then sought to

15   undermine those "allegations" by insisting on its own interpretation of the

16   Modification Agreement and other loan documents.  (Motion, p. 12.)  These tactics

17   should be rejected especially where – as here – Counterclaimants have sufficiently

18   alleged a number of false and material misrepresentations.  (*See, e.g.,* Counter, ¶¶ 34,

19   48, 58.)

20        For these reasons, the motion to dismiss the First, Second and Third

21   Counterclaims should be denied.

22   **C.    Counterclaimants' Sixth And Seventh Claims For Intentional**

23   **Interference With Contractual Relations Also Satisfy Federal**

24   **Pleading Requirements**

25        Gottex also seeks to dismiss Counterclaimants' Sixth and Seventh Claims for

26   Intentional Interference with Contractual Relations, alleging that: a) the claims are not

27   based upon a third party breach, b) Gottex's purported interference was privileged,

28   and c) Counterclaimants have not sufficiently pled the interfered with contracts, terms,

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

and other required facts.

Gottex's first argument that the Sixth and Seventh Counterclaims fail to the extent they are based on Opp Fund's and Advisor's ***own*** breach, resulting from Gottex's conduct, is based on an improper mischaracterization of the law. Gottex's contention that an interference claim must be based on a breach by a third party ignores that tort law imposes liability on parties who engage in two types of intentional interference with contract: (1) "[o]ne who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the ***third person*** not to perform the contract" under Restatement (Second) of Torts §766; and (2) "[o]ne who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the ***other*** from performing the contract or causing his performance to be more expensive or burdensome" under Restatement (Second) of Torts §766A. *See Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (stating that the harms alleged amounted to intentional interference with contract and interference with prospective business relations, "both of which are established torts under California law," citing Restatement (Second) of Torts §766A and §766B); *see also Cellco Partnership v. Hope*, 469 Fed. Appx. 575 (9th Cir. 2012) ("The district court did not abuse its discretion in holding that Verizon was likely to succeed on its claim for tortious interference with contractual relations. Verizon adduced evidence that defendant Eye Level Holdings, LLC (JAWA) took actions (including measures to conceal its actions from Verizon) whose necessary consequence was to burden Verizon's contracts with its wireless subscribers by making it more costly for Verizon to meet its obligation to prevent unauthorized charges on its subscribers' bills."); *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990) (citing Rest. 2d Torts, § 766A); *Plattner v. State Farm Mut. Auto. Ins. Co.*, 168 Ariz. 311, (Ct. App., 1991) (allowing attorney to bring an interference claim against a third party for forcing him to breach his contract with his

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

client under Restatement (Second) of Torts §766A); *Nesler v. Fisher and Co., Inc*., 452 N.W.2d 191 (Iowa 1990) (explaining the distinction between Restatement (Second) of Torts §766 and §766A where plaintiff's claim was based on intentional interference with plaintiff's ability to perform the contract, not the ability of the other contract parties).  Gottex's first argument therefore fails.

Second, Gottex's privilege argument again attempts to recharacterize the facts of the case as involving two competing parties with two separate contracts with a third party.  As established by the allegations in the Counterclaims, Gottex did not have separate contracts with Advisors and the other vendors, but rather was involved in (and intentionally interfered with) the contractual relationships between those entities and Opp Fund.  The policy underlying the "privilege" Gottex attempts to assert simply does not apply here.  *See Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 36 (1941) ("Whatever interest society has in encouraging free and open competition by means not in themselves unlawful, contractual stability is generally accepted as of greater importance than competitive freedom. Competitive freedom, however, is of sufficient importance to justify one competitor in inducing a third party to forsake another competitor if no contractual relationship exists between the latter two.").

Moreover, the cases to which Gottex cites contradict Gottex's contention that its alleged "privilege" could somehow support dismissal.  *See Sade Shoe Co. v. Oschin & Snyder,* 162 Cal. App. 3d 1174, 1182 (1984) (reversing grant of a motion to dismiss because "the privilege is at most a qualified one dependent for its existence upon the circumstances of the case . . . [i]t is essentially a state-of-mind privilege and therefore its existence cannot normally be satisfactorily determined on the basis of pleadings alone . . . [t]he resolution of the issue turns on the defendant's predominant purpose in inducing the breach of the contract . . . [t]his is preferably a matter to be determined on the basis of proof rather than of pleading.").

Finally, Defendants' Sixth and Seventh Counterclaims satisfy federal pleading requirements.  Rule 8(a) of the Federal Rules of Civil Procedure requires that "a

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   pleading which sets forth a claim for relief . . . shall contain . . . a short and plain

2   statement of the claim showing that the pleader is entitled to relief . . . ."  As alluded

3   to above, and is evident from the face of the Counterclaims for Intentional

4   Interference with Contractual Relations, those Counterclaims satisfy the rudimentary

5   requirements of this Rule.  Gottex nonetheless insists that Counterclaimants have not

6   specifically identified the relations that Gottex's wrongful conduct disrupted, and that

7   Counterclaimants' claims for intentional interference are deficient.  Gottex's

8   protestations are without merit.

9        Counterclaimants have specifically alleged both the third parties with which it

10  had existing economic relationships, and further alleged that Gottex was aware of the

11  existence of such contracts, and identified conduct by Gottex that disrupted such

12  relationships.  (Counter, ¶¶ 81-84 (known contractual relations between Opp Fund and

13  Advisors/known vendors), 89-90 (known contractual relations between Advisors and

14  Opp Fund/Opp Fund borrowers).)  These allegations stand in stark contrast to the

15  cases cited by Plaintiff, in which the allegations either identified *no* specific existing

16  or prospective relationships (*Acculmage*) or only vaguely asserted that the defendants

17  "intentionally and tortiously interfered with the contractual relations between

18  [Plaintiff] and its suppliers, distributors and customers" (*Seoul*) or "induced 'other

19  Oracle customers and third parties' to breach Oracle's Terms of Use agreements"

20  (*Oracle*), without identifying any such third parties *or* alleging that those third parties

21  and contracts were known to the defendants.  (*See* Motion, p. 14-15, citing *Accuimage*

22  *Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003),

23  *Seoul Laser Dieboard Sys. Co. v. Serviform, S.R.L.*, No. 12-2427, 2013 WL 3761535,

24  at *8 (S.D. Cal. July 16, 2013), and *Oracle An., Inc. v. Serv. Key, LLC*, No. 12-790,

25  2012 WL 6019580, at *8 (N.D. Cal. Dec. 3, 2012).[3])  Gottex's misguided and

26  unsupported contentions that the allegations here are not sufficiently pled are contrary

27

28  [3]

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

---

    Moreover, notably all of the cases cited by Plaintiff granted leave to amend.

to the established case law and should be rejected. *See Sebastian Int'l, Inc. v. Russolillo*, F. Supp. 2d 630 (C.D. Cal. 2001) (finding that the allegation that some of the plaintiff hair care product manufacturer and distributor's customers may choose to no longer purchase its products because they 'allegedly lost their 'premium' or 'salon appeal'' because of the unauthorized widespread distribution of its produced by defendants satisfied the requirements for pleading an inference claim; noting that Rule 12(b)(6) "must be read in conjunction with Rule 8(a) which . . . establishes a powerful presumption against rejecting pleadings for failure to state a claim.").[4]

Notice pleading under the Federal Rules simply does not require the specificity and particularity that Gottex advocates. *See, e.g., Knapp v. McCoy*, 548 F. Supp. 1115, 1117

---

[4] The Ninth Circuit has repeatedly acknowledged the obvious distinction between proving and pleading a tortious interference claim. *See, e.g., Locricchio v. Legal Services Corp.*, 833 F.2d 1352, 1358 (9th Cir. 1987) (noting that the California cases cited by plaintiff "for the proposition that that the specific prospective economic relationship requirement be interpreted broadly… involved the sufficiency of complaints, not the sufficiency of proof."). Like the Ninth Circuit, sister Circuits have recognized that federal pleading requirements for the "third party" element of a tortious interference claim are minimal. As the Seventh Circuit opined in *Cook v. Winfrey,* 141 F.3d 322, 328 (7th Cir. 1998):

> The Federal Rules do not require that [plaintiff's] complaint allege the specific third party or class of third parties with whom he claims to have had a valid business expectancy. He has alleged that such an expectancy existed and that [defendant] purposely interfered with it. Consistent with those allegations, he might be able to prove a set of facts (including the identity of the parties or class of parties) that would entitle him to relief. If the identity of the third party or parties allegedly involved was not clear to [defendant], she was free either to file a Rule 12(e) motion stating that the omitted information made it impossible for her to draft a properly responsive pleading or to wait until discovery to seek that information. A Rule 12(b)(6) motion cannot be used to dismiss a complaint on the ground that it does not include information that Rule 8 does not require it to contain.

(Internal citation omitted); *see also Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1279 (10th Cir. 2000) (holding allegations of interference with "consumers, distributors, and other customers" were sufficient to withstand a 12(b)(6) motion). Accordingly, Gottex's contention that Counterclaimants have not yet identified the names of the distributors and borrowers with whom their relationships were disrupted, is overstated and premature.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   (D. Ill. 1982) (holding that allegations of disruption with a "class of customer radio

2   stations" was "certainly [adequate] under Rule 8(a)").  As Counterclaimants have alleged

3   disruption of their relationships with contractual relationships between Opp Fund and

4   Advisors/known vendors and between Advisors and Opp Fund/known Opp Fund

5   borrowers, the allegations suffice to satisfy the pleading requirements of the Federal Rules.

**D.   The Ninth Counterclaim For Usury Is Proper**

7   Gottex disingenuously maintains that Counterclaimants' Ninth Claim for Usury

8   fails because Counterclaimants do not allege, and cannot allege, that Opp Fund has

9   repaid the principal amount of the underlying transaction.  However, apart from the fact

10  that the case law it cites undermines its own contention, Gottex's position is faulty.

11  As an initial matter, none of the cases cited by Gottex support its position that

12  dismissal should be granted in the absence of an allegation that the plaintiff has repaid

13  all of the principal and non-usurious interest.  Rather, all three of the cases cited by

14  Gottex were decided well beyond the motion to dismiss stage.  (*See* Motion, p. 15,

15  citing *In re Vehm Eng'r Corp.,* 521 R.2d 186, 188-89 (9th Cir. 1975) (reversal of

16  judgment by Central District affirming the order and award of a bankruptcy court),

17  *Green v. Future Two,* 179 Cal. App. 3d 738, 744 (1986) (affirmation of a judgment by

18  the trial court), and *Winnett v. Roberts,* 179 Cal. App. 3d 909, 921 (1986) (reversal of

19  summary judgment by trial court)).  Gottex's argument may therefore be appropriate

20  at summary judgment, but does not entitle it to dismissal of the Counterclaims, even

21  under its own recitation of the law.

22  Moreover, Gottex has received more than its principal loan back from Opp

23  Fund.  Gottex admits that $66 million was repaid on the eve of foreclosure.  (Motion,

24  p. 15.)  The facts will further establish that the property subject to foreclosure was

25  worth ***more than*** the remaining $34 million of principal.  Gottex's unsupported,

26  conclusory statement to the contrary, merely solidify that this determination is a

27  question of fact, not appropriate for determination at the dismissal stage.

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

**E.    Counterclaimants' Eleventh And Twelfth Claims For Violation Of Penal Code Sections 485 And 496 Should Stand Against Gottex**

Gottex seeks to dismiss Counterclaimants' Eleventh and Twelfth Claims for Violations of Penal Code Sections 485 and 496, alleging that Counterclaimants: a) do not have a private right of action under Section 485, and b) cannot assert a claim under Section 496 because Gottex claims that receipt of a facsimile containing privileged information does not constitute property.

First, Gottex cites to two cases that have nothing to do with Penal Code Section 485 for its contention there is no private right of action under that code section. (*See* Motion, p. 16, citing *Clinkscales v. Carver,* 22 Cal. 2d 72, 75 (1943) and *Moradi-Shalal v. Fireman's Fund Ins. Co.,* 46 Cal. 3d 287, 294-95 (1988).) Nor does it offer any legislative history of that Section or any evidence contradicting the existence of a private right of action thereunder. Gottex's unsupported and conclusory statement does not constitute law, and cannot form a basis for dismissal of Counterclaimants' Eleventh Claim.[5]

Second, the cases Gottex cites in support of its contention that the fax containing an internal email belonging to Counterclaimants somehow does not constitute "property" under Penal Code Section 496 actually ***confirms*** that the fax indeed constitutes "property" as that term is used in Section 496. For example, *People v. Dolbeer*, 214 Cal. App. 2d 619, 623-24 (1963), found that lists of telephone subscribers constituted "property" within the definition of Section 496 because they were "papers on which information is contained" – in contrast to a laundry route that is ***not*** committed to paper in a list or memorandum of names. Here, the fax containing an email with information belonging to Counterclaimants is analogous to the list of telephone consumers or a list of laundry route names, and therefore constitutes

---

[5]    At a minimum, if the Court does not wish to allow the claim to proceed under Penal Code Section 485, leave to amend to allow the claim to be brought under the "illegal" prong of Bus. & Prof. Code should be permitted to permit redress for Gottex's failure and refusal to correctly handle stolen property provided to it.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  "property" under Section 496, contrary to Gottex's misleading contention.[6]

2      Further, the language from *Dolbeer* upon which Gottex relies in its in Motion,

3  when read in context, confirms that the action here of copying and then faxing an

4  internal email outside of the company constitutes actionable taking of "property"

5  under Section 496:

> It may be that, had the operation in our case been merely the copying,
> transcribing or photographing of the lists, without any asportation,
> prosecution would not lie, because nothing tangible had been purloined,
> for stealing of telephone information only has not been made a specific
> crime, as has stealing of title company data, irrespective of asportation
> (Pen.Code, § 496c).  Here, there was not merely a taking of information
> such as might have been heard or seen, but an asportation of tangibles.

11  *Id.* at 623.  *See also People v. Gopal*, 171 Cal. App. 3d 524, 541 (1985) ("receipt of a

12  copy of stolen trade secrets is a crime in violation of section 496").  Here, there was

13  an "asportation" following the downloading and copying of the email, as the act of

14  faxing that email outside of the company removed that document from the company's

15  possession.  Therefore, Gottex's own citations contradicts is arguments, and counsel's

16  self-serving recitation of an "ethical duty" to use stolen property for its client's benefit

17  has nothing to do with ***their client's*** violation of Section 496.

18      Thus, the motion as to Counterclaims Eleven and Twelve should be denied.

19

---

20  [6]      The other case to which Gottex cites, *Ruiz v. Gap, Inc.*, No. 07-5739SC, 2009

21  WL 250481, at *3-4 (N.D. Cal. Feb. 3, 2009), is entirely inapplicable.  The Court in *Ruiz* denied the plaintiff's request for leave to amend the complaint to reassert an

22  unfair competition law claim that had previously been dismissed by the court with prejudice, based on the theft from defendant store's vendor of two laptop computers

23  containing social security numbers of job applicants.  *Id.*  The court denied the request for leave to amend as a procedurally improper attempt to evade the stricter

24  requirements for a motion for reconsideration.  *Id.*  In dicta, the court stated its belief that, even as amended, the allegations would still fail to state a claim because

25  incurring costs and spending time to monitor and repair credit impaired by the unauthorized release of private information is not a cognizable injury under Section

26  17200 of California's unfair competition statute, especially because the complaint alleged that the defendant had offered free credit reporting and fraud assistance.  *Id.*

27  *Ruiz* is wholly inapplicable to the situation here, where Gottex is the recipient of the stolen material and knowingly used it for its own purposes.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

28

SACV8:13-00922 AG (RNBx)
Opposition to Gottex Fund Management, LTD's Motion to Dismiss
Counterclaims of MKA Real Estate Opportunity Fund I, LLC & MKA Capital Advisors, LLC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## F.     The Counterclaims Are Proper As Pled

Finally, although the Fourth and Fifth Counterclaims – which Gottex notably does not move to dismiss – are breach of contract-related claims, Gottex's contention that Counterclaimants cannot assert their tort and fraud claims because they are contract claims at their core borders on absurd, and is contradicted by Gottex's own arguments.

First, the absence of a contractual relationship between Gottex and Advisors undermines the very foundation of Gottex's argument with respect to any of the claims brought by Advisors.

Second, the fraudulent inducement and intentional interference claims brought by Opp Fund seek to remedy Gottex's misrepresentations and wrongful conduct in securing Opp Fund's entry into the contract (as opposed to its later breach), along with Gottex's wrongful conduct resulting in Opp Fund breaching its contractual relations with third parties, including Advisors and other vendors.

Third, application of Plaintiff's argument to the Counterclaims for violation of the Penal Code relating to the receipt of stolen confidential communications – which have nothing to do with Gottex's breach of contract with Opp Fund – is illogical, and cannot properly be found to constitute "restating" contract claims.  Thus, the facts here confirm that the allegations here are not "merely restat[ing] contractual obligations," and Gottex's position is undermined by the cases it cites.[7]  (*See* Motion, p. 18; *Aas v. Sup. Ct.*, 24 Cal. 4th 627, 643 (2000)  ("conduct amounting to a breach of contract becomes tortious when it also violates a duty independent of the contract arising from principles of tort law"); *see also Erlich v. Menezes,* 21 Cal. 4th 543, 551-52 (1999) ("Tort damages have been permitted in contract cases where a breach of

---

[7]     Notably, only one of the three California state cases cited by Gottex was decided at the dismissal/demurrer stage, and that case involved an attempt to invent a tort duty of care where none existed under the law and to convert negligent performance of a contract into a claim for equitable indemnity.  *Stop Loss Ins. Brokers, Inc.v. Brown & Toland Medical Grp.*, 143 Cal. App. 4th 1036, 1041 (2006). In contrast, here the Counterclaims allege conduct that amounts to breaches of legally recognized duties, arising from intentionally harmful conduct.

duty directly causes physical injury; for breach of the covenant of good faith and fair dealing in insurance contracts; for wrongful discharge in violation of fundamental public policy; or where the contract was fraudulently induced.  In each of these cases, the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm."); *Stop Loss Ins. Brokers, Inc.v. Brown & Toland Medical Grp.*, 143 Cal. App. 4th 1036, 1041 (2006) ("A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. Instead, courts will generally enforce the breach of a contractual promise through contract law, ***except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies***.").

Gottex's last ditch effort to prevail on a motion to dismiss therefore should be rejected by the Court.  To the extent it finds any deficiencies in any of the Counterclaims, the Court should grant any motion to dismiss with leave to amend any such deficiencies.

## IV.  CONCLUSION

For the foregoing reasons, Gottex's motion to dismiss should be denied in its entirety.


Dated: November 4, 2013          WINSTON & STRAWN LLP

By:  /s/ Gayle I Jenkins
     David L. Aronoff
     Gayle I. Jenkins
     Attorneys for Defendants
     MKA REAL ESTATE OPPORTUNITY FUND I,
     LLC, MKA CAPITAL GROUP ADVISORS,
     LLC, JASON SUGARMAN, MICHAEL
     ABRAHAM, ELIZABETH SUGARMAN,
     LAUSANNE, LLC, and EQUIPMENT RENTAL
     & MANAGEMENT, LLC

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543